Moncure J.
delivered the opinion of the court.
The only question which this case presents for our decision is, whether a sheriff is entitled to commission on a ca. sa. executed on the defendant, who, after taking the benefit of the prison bounds, pays the amount of the execution to the plaintiff, by whom he is thereupon discharged from custody before the return day of the execution ?
It was decided by the court of King’s Bench, in the case of Slackford v. Austen, 14 East’s R. 468, that the sheriff in the execution of a ca. sa. must pursue the mandate of the writ and be ready at the return day, not with the money, but with the body ; that he had no right to receive the money, and if he did, though he should return the fact, and that he was ready to satisfy the plaintiff, he would be answerable as for an escape. It was decided by the same court, in the case of Crozer v. Pilling, &c., 10 Eng. C. L. R. 271, that a plaintiff is bound to accept from a defendant in cus *87 tody under a ca. sa. the debt and costs, when tendered, in satisfaction, and to sign an authority to the sheriff to discharge the defendant out of custody.
But by our statute law, 1 Rev. Code of 1819, p. 534, § 28, it is provided, that where a ca. sa. is served on a debtor, he may tender to the officer serving it slaves or personal property to the value of the debt and costs for which the execution issued; which property the said officer shall receive, and proceed to sell, as in the case of goods taken under a fi. fa., and shall thereupon discharge such debtor out of custody. The right of the debtor to tender property, and the obligation of the officer to receive it and discharge the debtor under this law, continues, at least, until the return day of the execution. So long as the debtor may tender property, so long may he tender money, in discharge of his body from custody under a ca. sa. The right to tender property necessarily implies a right to tender money for that purpose. See 1 Rob. Pr. 551. ' The right of the debtor to tender property or money in discharge of his body is not impaired by his taking the benefit of the prison bounds, which is but an enlargement of the jail, and in which he is still a true prisoner in the eye of the law. 1 Munf. 76. There can be no doubt but that the officer, returning the facts on a ca. sa., that he had served it on the debtor who had taken the benefit of the bounds, and afterwards paid the debt and costs before the return day of the execution, and that he had thereupon discharged the debtor out of custody, and was ready to pay the money to the plaintiff, would be liable for the same on his official bond. Nor can there be any doubt but that the officer in such case would be entitled to a commission. Gan the debtor, after the ca. sa. has been served, while it is in full force, and before the return day, deprive the officer of his commission, by paying the money to the plaintiff? Certainly a debtor, after a fi. fa. has been levied, can *88 not deprive the officer of his commission, by paying the money to the plaintiff before the sale of the property levied on. And why should the officer be deprived of his commission in the former any more than in the latter case ? His trouble and responsibilities are at least as great in the former as in the latter. In each case, the execution has been levied, and in neither is it functus officio when the payment is made. In the one case, the debtor may pay the money in discharge of his goods; in the other, in discharge of his body; and we think the officer is as much entitled to his commission in the one ease as in the other. We are therefore for affirming the judgment.
Whether the officer would have been entitled to commission if the money had been paid after instead of before the return day of the ca. sa., is a question which we do not mean to decide, because it does not arise in this case. Here the money was paid before the return day. The fact is not expressly so stated in the case agreed, but it is necessarily inferrible from what is therein stated. The ca. sas. were issued on the first, and executed on the 16th of December 1841, and the money must have been paid on or before the 29th of the same month, as the covenant on which the suit was brought bears date on that day. They could not have been returnable to December rules, because there were not fifteen days between the test of the writ and the said rules, and there was no term of the Circuit court during that month. The return day, therefore, must have been later than December 1841.
Judgment affirmed.